UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

v.

Case No. 2:26-cr-00027-mkl

SERGIO GOMEZ ROMERO, a/k/a "Tony,"
Defendant.

**MOTION FOR DETENTION**

On Friday, May 1, 2026, the Defendant was arrested in Queens, New York. After an initial appearance on May 1, 2026, the U.S. District Court for the Eastern District of Vermont scheduled a detention hearing to be held on May 5, 2026. On May 5, 2026, the defense chose to waive the detention hearing, reserving the right to hold such a hearing in the District of Vermont. The Defendant is currently being transported to Vermont. *See U.S. v. Gomez Romero*, 1:26-mj-00082-LKE-1 (E.D. N.Y.)

The United States of America moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142.

1. Eligibility for Detention.

This defendant is eligible for detention because the case involves a serious risk that the Defendant will flee. *See* 18 U.S.C. § 3142(f)(2)(A). In this case, the Defendant has no ties to this community, but he has international ties. The Defendant was engaged in a sophisticated international smuggling operation as an organizer – supervising and coordinating drivers to meet aliens illegally entering the United States at the Canadian border. As the indictment makes clear, the Defendant's involvement with this activity was sustained over years and was extensive.

2. Reason For Detention.

1

The Court should detain the defendant because there are no conditions of release which will reasonably assure the defendant's appearance as required.

3. <u>Rebuttable Presumption</u>.

Rebuttable presumptions do not apply in this case.

4. <u>Time For Detention Hearing</u>.

United States requests the court conduct the detention hearing upon completion of the pretrial services report.

5. <u>Argument for Detention</u>.

As this Court knows, it must detain a defendant when "no condition or combination of conditions will reasonably assure the appearance of the person." 18 U.S.C. § 3142(e)(1). The government bears the ultimate burden to prove by a preponderance of the evidence that the defendant is a flight risk. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). This determination is guided by "(1) the nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person. . . [including community ties and probationary status at the time of the offense] . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).  "The rules of evidence do not apply in a detention hearing" and "the government may proceed by proffer" in such proceedings. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).

In December 2025, a driver was caught smuggling four individuals – two unrelated adults and two unrelated unaccompanied juveniles – into the United States through an international smuggling ring that solicited paying customers through TikTok and informal word-of-mouth networks.  A review of a phone seized in this event – along with cellular phones recovered in

multiple similar arrests in rural Vermont throughout 2025 – showed that their activities were being coordinated by SERGIO GOMEZ ROMERO, a/k/a "Tony."  In multiple cases, GOMEZ ROMERO used a WhatsApp account to provide drivers locations for pickup and coordinate payments for this illegal smuggling operation – often several thousand dollars per alien. Moreover, at GOMEZ ROMERO's direction, the drivers often made video testimonials in which the smuggled aliens would praise the safety and efficiency of the smuggling operation and then thank "Tony" for arranging their smuggling; those videos were later posted to TikTok on "viajes.tony" TikTok account.  GOMEZ ROMERO is believed to be the most prolific alien smuggling coordinator operating in Vermont, where he has been linked to at least a dozen smuggling incidents in the preceding 12 months involving 41 different apprehensions and eight separate drivers.  GOMEZ ROMERO not only profited from international human smuggling, he used the aliens involved to try to encourage more such lawbreaking and grow his illicit business and the profits he made from it.

The Defendant's access to this international smuggling network and the circumstances of his offense, under 18 U.S.C. § 3142(g)(1), strongly indicate the sort of flight risk that is posed by releasing him.  The "weight of the evidence," 18 U.S.C. § 3142(g)(2), counsels in favor of pretrial detention, as his violations have involved multiple incidents involving several drivers and aliens spanning numerous arrests.  The Defendant has no known ties to Vermont specifically and he is unlawfully present in the United States. His reviewed communications indicate he has many ties outside of the United States.  These considerations favor detention under 18 U.S.C. § 3142(g)(3). The Defendant's lack of criminal history is unsurprising, as it is a necessary part of his illegal enterprise to avoid interactions with law enforcement.  The United States is not alleging or seeking a finding of dangerousness under 18 U.S.C. § 3142(g)(4).

For the foregoing reasons, the government respectfully submits that detention is the only way to reasonably assure the appearance of the defendant as required.  Accordingly, the Court should order the defendant's pretrial detention.

Dated at Burlington, in the District of Vermont, May 5, 2026

Respectfully submitted,


By: /s/ *Dana Hill*
    Dana Hill
    Assistant U.S. Attorney
    P.O. Box 570
    Burlington, VT 05402-0570
    (802) 951-6725

4