U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 AUG 21 PM 12: 19

CLERK

BY KP
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

v.

SERGIO GOMEZ ROMERO,
Defendant.

Case No. 2:26-cr-00027-mkl-2

PROTECTIVE ORDER

Upon the motion of the United States and the stipulation of the parties, the Court finds good cause for the entry of an order for certain discovery materials, pursuant to Federal Rule of Criminal Procedure 16(d), to protect the identity and security of potential witnesses, to protect other ongoing investigations, and to protect the privacy of individuals. It is therefore ordered that:

1. The United States will produce discovery material to defense counsel that is designated as "Protected Discovery" either in the indices accompanying the materials or through other clear written indications. The designation of materials as "Protected Discovery" will be within the sole discretion of the United States.

2. The Protected Discovery in this case includes materials, in whatever format, that either individually or collectively could be used to discern the identity of government witnesses and informants or locate them (for example, because it describes the individuals, their activities, or their assistance to law enforcement; because it contains recorded statements of the individuals; because it captures the individuals' images or voices; or because it contains any other information that could reasonably be used to disseminate the identity of the individuals). The Protected Discovery may include: (1) statements made by, or images identified by, witnesses in

grand jury proceedings, subject to the requirements of Federal Rule of Criminal Procedure 6 and any Order of the Court under its provisions; (2) reports of interviews, affidavits, sworn statements, audio and video recordings, text or instant message communications, photographs, or other similar materials that could be used to identify witnesses and lead to interference, coercion, or intimidation; and (3) digital extractions of the contents of electronic devices, social media accounts, and/or other digital data that belong to third parties. These digital extractions contain substantial data that may include: (a) sensitive information, such as dates of birth, social security numbers, financial information, and contact information for other people and (b) private materials of the owner of the digital device, including intimate photographs and private correspondence. The government may choose to provide full digital extractions and/or copies to the defense due to the volume of the probative data found on a particular device and/or account, and the burden of segregating discoverable materials from sensitive data.

3. The Protected Discovery shall not be copied or disseminated to anyone other than defense counsel or "defense counsel's team" (as defined below) and must remain in the custody of defense counsel's team at all times. Defense counsel shall not share Protected Discovery (regardless of form) with co-defendants or other defense counsel.

4. "Defense counsel's team" includes paralegals, investigators, translators, litigation support personnel and secretarial staff employed by defense counsel and assigned to assist in the preparation of the defense. Defense counsel's team also includes those persons who are formally engaged to assist in the preparation of the defense, including expert witnesses retained by defense counsel to offer testimony at trial pursuant to Federal Rule of Evidence 702. All members of defense counsel's team shall be subject to this Protective Order. No member of

defense counsel's team shall be a familial relative of the defendant or have a personal relationship with the defendant that pre-dates the defendant's arrest in this case.

5. Defense counsel shall review the terms of this Protective Order with the defendant and members of the defense counsel's team.. For any team member not employed directly by defense counsel or defense counsel's firm, defense counsel shall, prior to that team member reviewing the Protected Discovery, have that member sign a copy of the Protective Order and return it to the government, affirming that they understand its terms.

6. The defendant may inspect and review the Protected Discovery while in the presence of defense counsel or a member of defense counsel's team. The defendant may not otherwise access these materials or retain these materials, even temporarily.

7. Absent prior agreement of the United States or permission from the Court, no part of the Protected Discovery shall be included in any public filing with the Court but should instead be submitted under seal. If the United States becomes aware that the justification for designating a particular item as Protected Discovery no longer exists, it shall advise defense counsel and the Court that such material is no longer subject to the Protective Order.

8. The discovery in this case may also include materials not included within Paragraph 2 above—that is, materials that are not Protected Discovery—that nevertheless contain Personally Identifying Information (PII) as defined in Federal Rule of Criminal Procedure 49.1(a). Defense counsel and other members of the defense team may share, outside the defense team, only materials from the government's discovery productions that occur after the entry this Order if the PII has first been redacted from that material. If defense counsel wishes to use discovery material containing unredacted PII with any witness or potential witness, or to make further disclosure or dissemination of discovery material containing unredacted PII, defense counsel

must first make ex parte application to the Court explaining the basis for the disclosure of PII and then make such disclosure only after such application is granted. If defense counsel wishes to use discovery material containing unredacted PII in a filing with the Court or during a court proceeding, such party will comply with Rule 49.1(a), will ensure that court transcripts are appropriately redacted to protect PII, and will seek permission from the Court before any such discovery material with unredacted PII is publicly filed.

9. Any party to this Protective Order may petition the Court at any time for its modification. Defense counsel may petition the Court at any time to challenge the government's designation of material as Protected Discovery—provided, however, that defense counsel must first explain the basis for the concern in writing to the government, and the government must have a reasonable time to respond to that concern.

10. This Protective Order does not constitute a ruling as to whether any particular item is discoverable under Federal Rule of Criminal Procedure 16 or any other provision or as to whether any particular item would be admissible in a hearing or at trial.

IT IS SO ORDERED.

Dated at Rutland, in the District of Vermont this 21st day of August 2026

Mary Kay Lanthier
United States District Judge