UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SERGIO GOMEZ ROMERO, a/k/a "Tony,"<br>Defendant. | Case No. 2:26-cr-00027-mkl |

PLEA AGREEMENT

The United States of America, by and through the United States Attorney's Office for the District of Vermont (hereafter "the United States"), and the defendant, SERGIO GOMEZ ROMERO, agree to the following in regard to the disposition of pending criminal charges.

1. SERGIO GOMEZ ROMERO agrees to plead guilty to Count One of the Indictment charging him with conspiring to knowingly bring illegal aliens into the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), (A)(v)(I), and Count Four of the Indictment, charging him with knowingly bringing illegal alien C.G.C. into the United States for purposes of private financial gain, in violation 8 U.S.C. § 1324(a)(2), (B)(ii).

2. SERGIO GOMEZ ROMERO understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea. As to Count 1, GOMEZ ROMERO faces up to 10 years of imprisonment, pursuant to 8 U.S.C. § 1324(a)(1)(B)(i); up to three years of supervised release, pursuant to 18 U.S.C. § 3583; up to a $250,000 fine, pursuant to 18 U.S.C. § 3571(b)(3); a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A); and an additional special assessment of $5,000 pursuant to 18 U.S.C. § 3014. As to Count 2, GOMEZ ROMERO faces 3-10 years' incarceration, pursuant to 8 U.S.C. § 1324(a)(2)(B), up to three years of supervised release, pursuant to 18 U.S.C. § 3583; up to a $250,000 fine, pursuant

to 18 U.S.C. § 3571(b)(3); a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A); and an additional special assessment of $5,000 pursuant to 18 U.S.C. § 3014. SERGIO GOMEZ ROMERO further understands that the Court may order full restitution to the victims of the offense in an amount determined by the Court, pursuant to 18 U.S.C. § 3663.

3. SERGIO GOMEZ ROMERO understands and agrees that the following are the essential elements of the Counts in the Indictment to which he is pleading guilty. As to Count One:

a. The defendant and one or more persons in some way agreed to try to accomplish a shared and unlawful plan;

b. The defendant knew the unlawful purpose of the plan and willfully joined in it; and

c. The object of the conspiracy was to knowingly and willfully bring or attempt to bring an alien or aliens to the United States, knowing that they were an alien or aliens, at a place other than a designated port of entry.

As to Count Four of the Indictment:

a. that C.G.C. was an alien on December 16, 2025;

b. that the defendant knew or was in reckless disregard of the fact that C.G.C. had not received official authorization to come to, enter, or reside in the United States;

c. that the defendant brought or attempted to bring C.G.C. to the United States; and

d. that the defendant acted for the purpose of commercial advantage or private financial gain;

4. SERGIO GOMEZ ROMERO agrees to plead guilty because he is, in fact, guilty of the above crimes.

5. SERGIO GOMEZ ROMERO stipulates to, agrees with, and admits the following facts:

a. Starting from at least 2024 through 2026, SERGIO GOMEZ ROMERO a/k/a "Tony" worked with others to bring illegal aliens into the United States at places, including places in Vermont, that were not designated as ports of entry nor otherwise designated for entry by immigration officials.

b. Throughout the conspiracy, SERGIO GOMEZ ROMERO used his WhatsApp account to coordinate drivers to pick up aliens who had illegally entered the United States at designated locations within walking distance from the U.S. Canadian border, including in Vermont, and smuggle them to GOMEZ ROMERO at a location in Queens, New York. When the aliens were delivered to GOMEZ ROMERO, he would collect payments from the aliens, typically $2,000-$4,000 per border crossing alien, and GOMEZ ROMERO would ensure that he, the driver, and any other conspirators received their portion of the proceeds.

c. SERGIO GOMEZ ROMERO would also coordinate with the drivers to obtain video testimonials from the smuggled aliens, later posted to TikTok, in which they would attest to the safety and ease with which they entered the United States illegally and thank "Tony" for helping them cross the border.

d. On April 19, 2025, Driver 1 was arrested in Berkshire, Vermont and later convicted of transporting four aliens who had illegally entered the United States. Driver 1's phone revealed that GOMEZ ROMERO was directing and coordinating Driver 1 as he transported these illegal aliens into the United States for profit.

e. On December 16, 2025, Driver 2 was arrested in Berkshire, Vermont and later convicted of transporting four aliens – an adult male with the initials C.G.C., an

unrelated adult female and two unaccompanied, unrelated juveniles – who had illegally entered the United States. Driver 2's phone revealed that GOMEZ ROMERO was directing and coordinating Driver 1 as he transported these illegal aliens into the United States for profit.

f. During the conspiracy, human smuggling was GOMEZ ROMERO's primary source of income, as he would routinely receive thousands of dollars in smuggling proceeds through Zelle payments and cash deposits in his Chase Bank account. From April 25, 2025, through May 27, 2025, GOMEZ ROMERO received over $24,000 in his account, and less than $4,400 was attributable to lawful employment at a restaurant. From November 29 through December 24, 2025, GOMEZ ROMERO received over $20,000 in deposits, with less than $3,700 total attributable to lawful employment and a tax refund.

g. Over the course of this conspiracy, which involved five or more participants, GOMEZ ROMERO brought over 100 aliens into the United States, knowing that the aliens were not lawfully permitted to enter the United States.

6. SERGIO GOMEZ ROMERO understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

7. SERGIO GOMEZ ROMERO acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses;

the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

8. SERGIO GOMEZ ROMERO fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a variance or other reduction from the guideline range and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

9. SERGIO GOMEZ ROMERO fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. GOMEZ ROMERO acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. GOMEZ ROMERO understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline

calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

10. SERGIO GOMEZ ROMERO agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. GOMEZ ROMERO agrees to pay the special assessment at the time of sentencing.

11. SERGIO GOMEZ ROMERO recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. GOMEZ ROMERO nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

12. The United States agrees that in the event that GOMEZ ROMERO fully and completely abides by all conditions of this agreement, the United States will:

a. not oppose a motion to remain on pretrial release at the time of the guilty plea through sentencing, pursuant to 18 U.S.C. § 3143;

b. move to dismiss Count Five of the Indictment at the time of sentencing;

c. not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4;

d. recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

e. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

13. If the United States determines, in its sole discretion, that GOMEZ ROMERO has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. GOMEZ ROMERO understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

14. It is understood and agreed by the parties that should SERGIO GOMEZ ROMERO's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this

agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. SERGIO GOMEZ ROMERO also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

15. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

16. SERGIO GOMEZ ROMERO expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, David Sleigh, Esq. SERGIO GOMEZ ROMERO further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, SERGIO GOMEZ ROMERO expressly states that he is fully satisfied with the representation provided by his attorney, David Sleigh, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

17. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

JONATHAN A. OPHARDT
First Assistant United States Attorney

9/17/26
Date

Dana E. Hill
Assistant U.S. Attorney

9-15-2026
Date

SERGIO GOMEZ ROMERO
Defendant

I have read, fully reviewed and explained this agreement to my client, SERGIO GOMEZ ROMERO. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

9/15/2026
Date

David Sleigh, Esq.
Counsel for the Defendant